UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 12CV11281

| | |
|---|---|
| **JAVIER DIAZ,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **RESURGENT CAPITAL SERVICES** | ) |
| **LIMITED PARTNERSHIP, and** | ) |
| **CREDIT CONTROL, LLC.,** | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

This is a Civil Action brought by Plaintiff Javier Diaz who has been the target of unlawful debt collection practices by Defendant, Resurgent Capital Services LP and Defendant, Credit Control LLC. Said Defendants have been attempting to collect a debt which has been adjudicated as not the responsibility of the Plaintiff. This cause of action seeks damages for violations of the Federal Fair Debt Collections Practices Act and Massachusetts General Laws chapter 93A § 9.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense or counterclaim asserted or hereafter asserted by the Defendants.

**THE PARTIES**

1. ***THE PLAINTIFF:*** Javier Diaz is an individual who resides at 107 Putnam Street, Apartment 2, East Boston, Massachusetts.

2. ***THE DEFENDANT:*** Resurgent Capital Services LP is a Delaware limited partnership with a principle place of business 15 South Main Street, Suite 600, Greenville, South Carolina and maintains a registered agent in Massachusetts located at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

3. ***THE DEFENDANT:*** Credit Control LLC is a Missouri limited liability company with a principle place of business at 5757 Phantom Drive, Suite 330, Hazelwood,

Missouri and maintains a registered agent in Massachusetts located at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

## JURISDICTION AND VENUE

4. Personal jurisdiction of this action is predicated upon the fact that both Defendants conduct business within the Commonwealth of Massachusetts providing sufficient contacts for the state's long-arm statute, M.G.L.c. 223A § 3, to apply.

5. Subject Matter Jurisdiction of this action in Federal Court is predicated on 28 U.S.C. § 1331 as a civil action arising out of the Constitution, laws or treaties of the United States, 28 U.S.C. § 1337 as an act of Congress regulating commerce, and by 15 U.S.C. § 1692k(d) providing for jurisdiction in the United States District Court to enforce the protections of the Federal Fair Debt Collections Practices Act.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the acts giving rise to the claim have occurred in this district.

## FACTUAL BACKGROUND

7. On or about May 26, 2006, the Boston Municipal Court entered a Judgment of Dismissal with prejudice in the case of NCO, Assignee of Citibank v. Javier Diaz, Docket #: 0601CV0090.

8. The case of NCO, Assignee of Citibank v. Javier Diaz, Docket #: 0601CV0090 was premised on Citibank account #: 4271382919625182.

9. The rationale for the dismissal with prejudice was that it was proved that Citibank account #: 4271382919625182 was the result of identity theft.

10. On or about September 21, 2011, Defendant Resurgent Capital Services sent the Plaintiff a debt collection letter claiming $10,708.22 due and owing to Citibank on account #: 4271382919625182.

11. On or about January 17, 2012, Defendant Credit Control sent the Plaintiff a debt collection letter claiming $10,837.62 due and owing to Citibank on account #: 4271382919625182.

12. On or about May 24, 2012, Defendant Resurgent Capital Services received a Demand for Settlement pursuant to M.G.L.c. 93A § 9 sent by Plaintiff's counsel.

13. On or about May 24, 2012, Defendant Credit Control received a Demand for Settlement pursuant to M.G.L.c. 93A § 9 sent by Plaintiff's counsel.

14. To date, Defendant Resurgent Capital Services has failed to respond.

15. To date, Defendant Credit Control has failed to respond.

## CAUSES OF ACTION

### *COUNT I*
*Violation of the Federal Fair Debt Collections Practices Act*
*15 U.S.C. § 1692e(2)(A)*
*Javier Diaz v. Resurgent Capital Services Limited Partnership*

16. Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

17. On or about September 21, 2011, Defendant Resurgent Capital Services sent the Plaintiff a debt collection letter claiming $10,708.22 due and owing to Citibank on account #: 4271382919625182.

18. Said account was adjudicated as not the responsibility of the Plaintiff on or about May 26, 2006.

19. On or about May 26, 2006, the Boston Municipal Court entered a Judgment of Dismissal with prejudice on the case of NCO, Assignee of Citibank v. Javier Diaz, Docket #: 0601CV0090.

20. Defendant Resurgent Capital Services is in violation of 15 U.S.C. § 1692e(2)(A) which forbids "the false representation of the character, amount, or legal status of any debt."

### *COUNT II*
*Violation of the Federal Fair Debt Collections Practices Act*
*15 U.S.C. § 1692e(2)(A)*
*Javier Diaz v. Credit Control, LLC*

21. Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

22. On or about January 17, 2012, Defendant Credit Control sent the Plaintiff a debt collection letter claiming $10,837.62 due and owing to Citibank on account #: 4271382919625182.

23. Said account was adjudicated as not the responsibility of the Plaintiff on or about May 26, 2006.

24. On or about May 26, 2006, the Boston Municipal Court entered a Judgment of Dismissal with prejudice on the case of NCO, Assignee of Citibank v. Javier Diaz, Docket #: 0601CV0090.

25. Defendant Credit Control is in violation of 15 U.S.C. § 1692e(2)(A) which forbids "the false representation of the character, amount, or legal status of any debt."

## COUNT III
### Violation of M.G.L.c. 93A § 9
*Javier Diaz v. Resurgent Capital Services Limited Partnership*

26. Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

27. On or about September 21, 2011, Defendant Resurgent Capital Services sent the Plaintiff a debt collection letter claiming $10,708.22 due and owing to Citibank on account #: 4271382919625182.

28. Said account was adjudicated as not the responsibility of the Plaintiff on or about May 26, 2006.

29. On or about May 26, 2006, the Boston Municipal Court entered a Judgment of Dismissal with prejudice on the case of NCO, Assignee of Citibank v. Javier Diaz, Docket #: 0601CV0090.

30. Defendant Resurgent Capital Services is in violation of 209 CMR 18.16 § 2 which forbids "the false representation of the character, amount, or legal status of any debt."

31. Defendant Resurgent Capital Services, through its violation of 209 CMR 18.16 § 2 is also in violation of M.G.L.c. 93A § 9.

32. On or about May 24, 2012, Defendant Resurgent Capital Services received a Demand for Settlement pursuant to M.G.L.c. 93A § 9 sent by Plaintiff's counsel.

33. To date, Defendant Resurgent Capital Services has failed to respond.

34. Defendant Resurgent Capital Services is in further violation of M.G.L.c. 93A § 9 by failing to respond to a written demand for settlement.

## COUNT IV
### Violation of M.G.L.c. 93A § 9
*Javier Diaz v. Credit Control, LLC*

35. Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

36. On or about January 17, 2012, Defendant Credit Control sent the Plaintiff a debt collection letter claiming $10,837.62 due and owing to Citibank on account #: 4271382919625182.

37. Said account was adjudicated as not the responsibility of the Plaintiff on or about May 26, 2006.

38. On or about May 26, 2006, the Boston Municipal Court entered a Judgment of Dismissal with prejudice on the case of NCO, Assignee of Citibank v. Javier Diaz, Docket #: 0601CV0090.

39. Defendant Credit Control is in violation of 209 CMR 18.16 § 2 which forbids "the false representation of the character, amount, or legal status of any debt."

40. Defendant Credit Control, through its violation of 209 CMR 18.16 § 2 is also in violation of M.G.L.c. 93A § 9.

41. On or about May 24, 2012, Defendant Credit Control received a Demand for Settlement pursuant to M.G.L.c. 93A § 9 sent by Plaintiff's counsel.

42. To date, Defendant Credit Control has failed to respond.

43. Defendant Credit Control is in further violation of M.G.L.c. 93A § 9 by failing to respond to a written demand for settlement.

WHEREFORE Plaintiff JAVIER DIAZ prays that judgment be entered against Defendant RESURGENT CAPITAL SERVICES LIMITED PARTNERSHIP and Defendant CREDIT CONTROL, LLC in the full amount of actual and statutory damages allowable by statute 15 U.S.C. § 1692k(a), trebled pursuant to M.G.L.c. 93A, together with costs and attorney's fees under 15 U.S.C. § 1692k(a)(3) and M.G.L.c. 93A, as well as such other and further relief as to the court may appear just.

Dated: July 11, 2012

    Respectfully submitted,
    Javier Diaz,
    By his attorney,

    /s/ Lawrence A. Wind_____
    Lawrence A. Wind, Esq.
    MA BBO # 675704
    The Law Office of Lawrence A. Wind
    110 Lanark Road, Suite 9
    Brighton, MA 02135
    Tel: 617-206-1008
    Lawrence@LawWind.com