UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAVIER DIAZ,<br><br>            Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES<br>LIMITED PARTNERSHIP, and<br>CREDIT CONTROL, LLC,<br><br>            Defendants. | Civil Action No. 12-cv-11281-GAO |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, Resurgent Capital Services, LP ("Resurgent") and Credit Control, LLC ("Credit Control") (Resurgent and Credit Control jointly referred to as "Defendants"), submit this memorandum in support of their Motion to Dismiss the Complaint filed by plaintiff, Javier Diaz.

## I. INTRODUCTION

Plaintiff alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by sending him separate collection letters falsely stating he owed a debt. Plaintiff's claims rest entirely on plaintiff's assertion that the underlying debt was *extinguished* when a collection lawsuit, seeking to collect said debt, was dismissed in 2006. But plaintiff is wrong.

The underlying lawsuit was terminated by stipulation of the parties, and dismissed *without prejudice*. Furthermore, the dismissal of a collection lawsuit, whether with

1

prejudice or without, does not alone extinguish the subject debt. Plaintiff fails to state a claim under the FDCPA and his Complaint should be dismissed.

## II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On July 11, 2012, plaintiff filed this lawsuit against Defendants. Plaintiff alleges, on or about May 26, 2006, the Boston Municipal Court entered a "Judgment of Dismissal with prejudice" in the case of *NCO, Assignee of Citibank v. Javier Diaz*, Docket No. 0601CV0090 (the "Collection Lawsuit"). *See* Docket No. 1, Complaint, ¶ 7. Plaintiff alleges the Collection Lawsuit related to a Citibank account ending in 5182 (the "Citibank account"). *Id.* at ¶ 8. Importantly, plaintiff does not allege, *and cannot allege*, that either Resurgent or Credit Control was a party to the Collection Lawsuit. In fact, plaintiff does not allege having any interaction with either defendant until more than 5 years after the conclusion of the Collection Lawsuit. Plaintiff alleges he received a collection letter regarding the Citibank account from Resurgent in September 2011; and a separate collection letter regarding the same Citibank account from Credit Control in January 2012. *Id.* at ¶¶ 10-11.

Plaintiff alleges both Defendants violated § 1692e(2)(A) by sending a letter which falsely represented the character, amount, or legal status of the debt. *Id.* at ¶¶ 20 & 25. Plaintiff alleges he sent, and Defendants received, a Demand for Settlement pursuant to Mass. Gen. Laws ch. 93A, § 9, on or about May 24, 2012. *Id.* at ¶¶ 12-13. Plaintiff alleges Defendants did not respond. *Id.* at ¶ 14.

Notably, plaintiff does *not* attach the purported "Judgment of Dismissal with

2

prejudice" to his Complaint – and for good reason – *it does not exist*.  Instead, plaintiff relies upon a docket entry relating to a Stipulation of Dismissal ("Stipulation").  Both the docket entry and the Stipulation are attached as **Exhibit A**.[1]  The Stipulation provides "[t]he parties to the above-entitled action, pursuant to the provision of Rule 41(a)(1)(ii), Hereby stipulate that said actions [sic] be dismissed."  The Stipulation entered by the parties is silent as to the type of dismissal and, as explained in greater detail below, Massachusetts law recognizes this silence as a dismissal **_without prejudice_**.

### III. LAW AND ARGUMENT

Federal Rules of Civil Procedure Rules 8(a)(2) and 12(b)(6) require a pleading contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss under the standard established in *Twombly*, "a complaint must contain sufficient

---

[1] The Court may take judicial notice of a publicly filed document in ruling on Defendants' Motion to Dismiss. *See*, *e.g.*, *Genzyme Corp. v. Fed. Ins. Co.*, 657 F.Supp.2d 282, 284 (D. Mass. 2009); *In re Stone & Webster, Inc., Securities Litigation,* 253 F.Supp.2d 102, 128 n. 11 (D. Mass. 2003); *McCree v. Pension Ben. Guar. Corp.*, 2004 WL 3391542, *2 n. 5 (D. Mass. 2004); *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993); *PBGC v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document . . . otherwise a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."); *Venture Assoc. Corp. v. Zenith Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993) (a defendant may attach "certain pertinent documents [to a 12(b)(6) motion] if the plaintiff failed to do so . . . documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, (2009), quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a complaint does not require detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court explained the purpose of Rule 8(a)(2) is to "give the defendant fair notice of the claim and the grounds upon which it rests." *Id*. When the allegations in a complaint fail to sufficiently state a claim showing that the plaintiff is entitled to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558.

In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D. Mass. 2000). "Dismissal is appropriate if the plaintiff's well-pleaded facts do not possess enough heft to show that the plaintiff is entitled to relief." *Chiras v. Associated Credit Services, Inc.*, 2012 WL 3025093, *1 (D. Mass. 2012); *Ruiz Rivera v. Pfizer Pharms., LLC,* 521 F.3d 76, 84 (1st Cir. 2008).

### *A. The Defendants Did Not Violate The FDCPA Because The Underlying Lawsuit Did Not Extinguish The Debt*

Neither Resurgent nor Credit Control violated the FDCPA because the underlying lawsuit did not extinguish the debt. Under the FDCPA, a debt collector is prohibited from using "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff alleges Defendants violated § 1692e(2)(A), which prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A). Plaintiff is wrong for 2 reasons. *First*, the Collection Lawsuit was dismissed *without* prejudice. *Second*, even if the Collection Lawsuit had been dismissed with prejudice, dismissal alone would not have extinguished the debt.

#### *i. The Collection Lawsuit Was Dismissed Without Prejudice*

Plaintiff alleges the Citibank account was "adjudicated as not the responsibility of the Plaintiff" because the Boston Municipal Court entered a "Judgment of Dismissal *with* prejudice" in May 2006. Plaintiff is wrong. The "judgment" plaintiff refers to is simply a line entry on the docket memorializing the filed Stipulation. The Stipulation—the controlling document—states: "[t]he parties to the above-entitled action, pursuant to the provision of Rule 41(a)(1)(ii), Hereby stipulate that said actions [sic] be dismissed." The Stipulation is silent as to whether dismissal is with or without prejudice; however, the Massachusetts Rules of Civil Procedure, Rule 41, is clear and unambiguous – "[u]nless otherwise stated in the notice or stipulation, the dismissal is ***without*** prejudice." Mass. R. Civ. P. 41 (emphasis added). The Stipulation, therefore, caused the Collection Lawsuit to

5

be dismissed *without* prejudice. Plaintiff has failed to state a claim that the Citibank account was not owed or was "adjudicated as not the responsibility of the plaintiff," and has failed to sufficiently plead that the collection letters were false, deceptive, or misleading.

### *ii. Dismissal Of A Collection Lawsuit Does Not Extinguish The Debt*

Furthermore, dismissal of a lawsuit to collect a debt does not extinguish the debt. *See Dawe v. Capital One Bank*, 456 F.Supp.2d 236 (D. Mass. 2006). In *Dawe*, Capital One Bank filed a state court collection lawsuit against the consumer. In the state court proceeding, the consumer served discovery on the bank. After receiving the bank's deficient discovery responses, the consumer filed a motion to dismiss the bank's collection lawsuit as a discovery sanction. The court granted the consumer's motion and entered an *involuntary judgment of dismissal* against the bank per Mass. R. Civ. P. 41(b)(2). Under Massachusetts law, an involuntary dismissal of an action constitutes an "adjudication upon the merits." Mass. R. Civ. P. 41(b)(3).

Following the involuntary dismissal of the collection lawsuit, the bank sought to collect the underlying debt from the consumer through non-legal collection efforts. In response, the consumer filed a federal court lawsuit against the bank, alleging the collection efforts violated the FDCPA because of the involuntary dismissal of the state court lawsuit. The court disagreed, concluding the dismissal did *not* have any preclusive effect on the validity of the debt because "[t]here is no indication in the record that the state court actually adjudicated or made any findings with respect to the issue of the

debt's validity." *Dawe*, 456 F.Supp.2d at 241. *Most importantly and despite the preclusion issue*, the court ruled the dismissal of the state court lawsuit did *not* extinguish the bank's right to collect the debt. The court reasoned as follows:

> There remains, finally, the question whether the absence of a judicial remedy operates to extinguish the underlying debt obligation for all purposes. Although the question appears to be one of first impression, courts have considered the analogous context of a debt that is time-barred by a statute of limitations. For example, in *Freyermuth v. Credit Bureau Serv., Inc.,* the Eighth Circuit found no violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, where a creditor attempted to collect on a potentially time-barred debt. A number of other courts have similarly held that while the statute of limitations may eliminate a judicial remedy, it does not extinguish the underlying indebtedness. Applying this reasoning in the present context, the Court holds that *the state court dismissal – though it may deprive [the defendant] of a judicial mechanism for recovering the loan – does not erase [the consumer's] underlying indebtedness*.

*Id.* at 242 (citations omitted) (emphasis added).

Plaintiff has failed to plead facts to show that the Citibank account was extinguished and neither due or owing. Plaintiff's claim under the FDCPA should be dismissed.

### B. Plaintiff's Mass. Gen. Laws ch. 93A, § 9, Claim Is Contingent On The FDCPA Claim And, Therefore, Should Be Dismissed Along With The FDCPA Claim

Plaintiff seeks double or treble damages pursuant to Mass. Gen. Laws ch. 93A, § 9. Plaintiff alleges Defendants violated 209 Mass. Code Regs. 18.16, which forbids a debt collector from using "the false representation of the character, amount, or legal status of any debt." Plaintiff alleges a violation of 209 Mass. Code Regs. 18.16 is a de facto unfair trade practice. 209 Mass. Code Regs. § 18.16 is identical to 15 U.S.C. § 1692e(A)(2). For the reasons previously stated, plaintiff has failed to state a claim that

Defendants attempted to collect a debt using false, deceptive, or misleading practices. Here, plaintiff's Mass. Gen. Laws ch. 93A, § 9, claim is contingent on a finding of liability under the FDCPA. Because plaintiff has failed to state a claim pursuant to the FDCPA, his 93A claim should be dismissed.

## IV. CONCLUSION

Plaintiff alleges the Collection Lawsuit was fully adjudicated and dismissed with prejudice. However, in truth, the Collection Lawsuit was dismissed without prejudice by stipulation of the parties. The Citibank account was not extinguished by the Collection Lawsuit, and plaintiff has therefore failed to plead facts sufficient to show Defendants violated the FDCPA. This Court should dismiss plaintiff's claims with prejudice and award all other relief to Defendants deemed appropriate.

Respectfully submitted,

/s/ Jennifer L. Markowski
Jennifer Markowski, BBO#655927
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02110-2261
Phone: (617) 951-2010
Fax: (617) 235-3555
Email: jmarkowski@peabodyarnold.com

Attorneys for Defendants,
Resurgent Capital Services, LP
and Credit Control, LLC

## LOCAL RULE 7.1 CERTIFICATION

In accordance with Local Rule 7.1, counsel has conferred and has made good faith efforts to resolve and narrow the issue raised in this motion.

/s/ Jennifer L. Markowski

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August 2012, a true and correct copy of Defendants' **Memorandum in Support of Motion to Dismiss** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel, as described below. Parties may access this filing through the Court's system.

Lawrence A. Wind, Esq.
The Law Office of Lawrence A. Wind, Esq.
110 Lanark Road, Suite 9
Brighton, MA 02135

/s/ Jennifer L. Markowski
Attorney for Defendants,
Resurgent Capital Services, LP
and Credit Control, LLC