UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 12CV11281

| | |
|---|---|
| JAVIER DIAZ, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RESURGENT CAPITAL SERVICES | ) |
| LIMITED PARTNERSHIP, and | ) |
| CREDIT CONTROL, LLC., | ) |
|     Defendants. | ) |
| | ) |

**PLAINTIFF, JAVIER DIAZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Now comes the Plaintiff, Javier Diaz, and hereby opposes the Defendants' Motion to Dismiss on the grounds that the Plaintiff has met the standard of pleading required by Federal Rule of Civil Procedure 8(a)(2) as well as the standard set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The Plaintiff has provided the Defendants with sufficient notice of the claims against them in order for them to mount a defense and has set forth enough facts to raise a right to relief above the low speculative level of Iqbal and Twombly.

**I. INTRODUCTION**

The Plaintiff filed this lawsuit for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. § 1692e(2)(A) and the Massachusetts Consumer Protection statute M.G.L. c. 93A. The Plaintiff was targeted with dunning letters from the Defendants on an account that was the result of identity theft and was dismissed in 2006 as such.

## II.  FACTS

The Plaintiff was once the target of a collections lawsuit in 2006 which was dropped by the prosecuting attorney on or about April 25, 2006 because it became evident that the account at issue was the result of identity theft and was not the responsibility of the Plaintiff, hereinafter referred to as the "2006 Case."  The prosecuting attorney, the Law Offices of Gary H. Kreppel, P.C., sent an Affidavit of Fraud Application for the Plaintiff to complete and return which the Plaintiff did.  The Affidavit was signed and sworn to by the Plaintiff in front of a notary public.  The letter, dated April 25, 2006, and Affidavit, dated April 28, 2006, are annexed hereto as Exhibit A.  Shortly thereafter, the case was dismissed by the Law Office of Gary H. Kreppel, P.C.; a copy of the dismissal is annexed hereto as Exhibit B.  Despite holding all the cards, the Law Office of Gary H. Kreppel, P.C., an established and experienced law firm, dismissed the case.  The Plaintiff was able to resume his life.

On September 21, 2011, the Defendant, Resurgent Capital Services sent a letter to the Plaintiff demanding $10,708.22 due and owing on the same account that was at issue in the 2006 Case.  On January 17, 2012, the Defendant, Credit Control sent a letter to the Plaintiff demanding $10,837.62 due and owing on the same account that was at issue in the 2006 Case.  In an attempt to settle this case before litigation, the Plaintiff, through counsel, sent letters pursuant to M.G.L.c. 93A to both Defendants.  The letters and certified mail receipts are annexed hereto as Exhibit C.  Said letters were ignored by the Defendants.  The Plaintiff filed this lawsuit on July 11, 2012.  The Complaint alleges violations of the Fair Debt Collection Practices Act and violations of the Massachusetts Consumer Protections Act.

### III.  LEGAL STANDARD

The Motion to Dismiss standard under Fed. R. Civ. P. 12(b)(6) is a very low threshold. Only conclusory statements that are not bolstered with any facts should be dismissed.  The claim must only be plausible on its face, meaning plaintiff must plead factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  Moreover, the court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party.  Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).  Based on this low standard, the Defendants carry a heavy burden of showing that there is no plausible cause of action pled.

### IV.  ARGUMENT

A.  THE MOTIVATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ENCOURAGES A BROAD READING OF THE ACT AND OF THE PRACTICES PROHIBITED.

The Plaintiff has pled a cognizable cause of action under the Fair Debt Collection Practices Act given the broad protections provided and the constantly evolving nature of violations.  The purpose of the Fair Debt Collection Practices Act is to protect the least sophisticated consumer from the myriad of abuses by the collections industry.  Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996)(describing the standard as a level of sophistication below that of the average consumer).  The Fair Debt Collections Practices Act is a remedial statute and should be broadly construed to affect its purpose. Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. Sept. 29, 2006).  In fact, it was the intent of Congress to give the courts broad flexibility to proscribe improper conduct not specifically anticipated and addressed in the Act

because of the inability to foresee every conceivable abusive debt collection method.  S. Rep. No. 382 95th Cong., 1st Sess. 4, at 4.  Furthermore, the Fair Debt Collection Practices Act is a strict liability statute which means the collector is liable without regard for intent or knowledge.  Harrington v. CAC, LLC, 508 F.Supp. 2d 128 (D. Mass. Aug 30, 2007).  Therefore, a claim under the Fair Debt Collection Practices Act can be valid even if not specifically compartmentalized within one of the identified violations within the statute or precedent.  In fact, it was anticipated during the drafting of the Act that it should be read broadly to encompass all manner of action that offends the conscience of the community and takes into consideration society's evolving view of consumer rights.

      The Plaintiff's Complaint meets the minimal pleading requirement to establish a Fair Debt Collection Practices Act claim based on the broad protections the Act provides.  The very heart of Plaintiff's case is that he has been subjected to collection efforts by two separate collection agencies on a debt that was cleared back in 2006.  By not thoroughly reviewing the account at issue before sending dunning letters, the Defendants have adopted the "Shoot First, Ask Questions Later" way of doing business.  How many times must the Plaintiff defend his name before he is free?  There must be recognition that the Defendants hold the duty to properly review their accounts before sending dunning letters which disrupt and upset the lives of consumers.

      Under the 12(b)(6) standard, the Complaint makes it clear to the Defendants what the basis for the cause of action against them is under the Fair Debt Collection Practices Act.  Given the very broad reading of the Act to protect the least sophisticated consumer, dismissal is not appropriate.  The court should allow the Plaintiff an opportunity to show a violation of the Fair Debt Collection Practices Act to a trier of fact precisely because of the wide breadth of possible

violations contemplated.  Simply put, a "Shoot First, Ask Questions Later" standard of doing business is unconscionable, especially when the facts to avoid this situation were available as early as 2006.

B.  THE PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO MAKE A PRIMA FACIE CASE UNDER 15 U.S.C. §1692 e(2)(A).

Under 15 U.S.C. § 1692 e(2)(A) of the Fair Debt Collections Practices Act, it is a violation to falsely misrepresent the character, amount, or legal status of any debt.  The facts of the Complaint confirm violation of all three categories.  First, the character of the debt is misrepresented as this account is not the responsibility of the Plaintiff as alleged in the Complaint.  Because the account is not the Plaintiff's, and there is a sworn Affidavit attesting as such, the Defendants' characterization of the account as the Plaintiff's is false.  Second, the amount sought by Defendant Resurgent and Defendant Credit Control, $10,708.22 and $10,837.62 respectively, is also false because the true amount as alleged in the Complaint is $0.00 because of the identity theft.

Finally, by sending the collection letters, Defendants have falsely implied the legal status of the debt that would deceive the least sophisticated consumer.  The mere fact that the Plaintiff received collection letters on this debt is sufficient for him to believe that this debt was valid, that he could be taken to court for it, and that he will be legally responsible for the amount sought.  This is important because if the Plaintiff were to make even the smallest payment on the account after receiving the letter, the statute of limitations on the debt would be reset and there would be an implied admission on the part of the Plaintiff that he has agreed to liability.  Taken as true, the Plaintiff's complaint alleges sufficient facts to establish a prima facie case under 15 U.S.C. § 1692 e(2)(A) above the low speculative threshold.

C.  OBJECTIVELY VIEWED, THE "2006 CASE" IS AN INVOLUNTARY ADJUDICATION ON THE MERITS.

The Defendants' reliance on Dawe v. Capital One Bank, 456 F. Supp.2d 236 (D. Mass. 2006), is misplaced.  The most important difference between Dawe and this case is the way in which the dismissal was obtained.  In Dawe, the involuntary dismissal was wholly procedural in nature, "[t]here is no indication in the record that the state court actually adjudicated or made any findings with respect to the issue of the debt's validity." Id. at 241.  In this case, the debt's validity was called into question and was the main reason for the 2006 Case's dismissal.

The Law Office of Gary H. Kreppel, P.C. brought the 2006 Case for Citibank with the desire to collect.  Only after it became apparent to the Law Office of Gary H. Kreppel, P.C. that the validity of the debt was in question and only after the Plaintiff signed a sworn affidavit attesting that the account was the result of identity theft was the 2006 Case dismissed.  Should the 2006 Case gone further in litigation, it would have been dismissed involuntarily because of the identity theft issue that the Law Office of Gary H. Kreppel, P.C. identified early in the case.  The Affidavit was filed and accepted by the court in the 2006 Case.  The Affidavit is a public record and has been available since approximately May 26, 2006.  The rationale used in Dawe to have the debt survive does not have any place here.

D.  PLAINTIFF'S M.G.L.c. 93A CLAIM IS A SEPARATE CAUSE OF ACTION THAT SURVIVES THE DEFENDANTS' MOTION TO DISMISS.

Failing to respond in writing to a 93A Demand Letter is itself a further violation of M.G.L. c. 93A.  In Heller v. Silverbranch Construction Corp., 376 Mass. 621 (1978), the court determined that the failure to answer a 93A Demand Letter could be deemed a violation of M.G.L.c. 93A if "the refusal to grant relief on demand was made in bad faith with knowledge or reason to know that the practice complained of violated § 2." Id. at 627.  In elaboration, the

court stated that the purpose of the 93A Demand Letter is to promote pre-litigation settlements by making it unprofitable for the defendant either to ignore the plaintiff's request for relief or to bargain with the plaintiff with respect to such relief in bad faith." Id.  The court found that Silverbranch had violated M.G.L.c. 93A when it forced Heller to litigate its "claim when it not only had reason to know but had actual knowledge of the unlawfulness of its acts." Id. at 628. Therefore, in order to accomplish the goal of M.G.L.c. 93A in total, the response requirement of the demand letter cannot be ignored.

The Defendants failed to respond to a 93A Demand Letter that was properly served at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110 on May 24, 2012.  This is same address where this lawsuit was served and received.  See Exhibit C.  The Defendants chose to ignore the letters forcing the Plaintiff to file this lawsuit in order to even open up a dialogue. The Defendants' refusal to answer is in contravention to the purpose of the demand letter requirement of M.G.L.c. 93A. Thus, the Plaintiff has alleged sufficient facts to establish a prima facie case of a violation of M.G.L.c. 93A above the low speculative level.  It is without question that the Plaintiff's M.G.L.c. 93A claims based upon 209 CMR § 18.16 survive along with his 15 U.S.C. § 1692 e(2)(A) claims under the Fair Debt Collection Practices Act.

E.  THE PLAINTIFF SHOULD BE GIVEN LEAVE OF COURT TO AMEND ITS COMPLAINT.

Should the court find the Defendants' Motion persuasive, the Plaintiff requests that he be given leave to amend his complaint so as to provide a more detailed account of the claims against the Defendants.  If the court dismisses the complaint, or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The Federal Rules of Civil Procedure 15(a)(2) allows a party to amend with leave of court when justice so requires.  Amendment accomplishes the dual goal of conserving judicial resources and

providing the Defendants with further notice and facts from which they can prepare their defense.

F.  THE PLAINTIFF REQUESTS ORAL ARGUMENT.

Pursuant to Local Rule 7.1(d), the Plaintiff invokes his right to be heard on oral argument on the Defendants' Motion.

## V.  CONCLUSION

Therefore, the Defendants' Motion to Dismiss should be DENIED in full.  Taken in the light most favorable to the non-moving party, the facts alleged in the Complaint and associated Exhibits set forth a cause of action under the broad protections of the Fair Debt Collection Practices Act and the Massachusetts Consumer Protection Statute 93A.

Dated: August 30, 2012

                                    Respectfully submitted,
                                    Javier Diaz,
                                    By his attorney,

                                    /s/ Lawrence A. Wind
                                    Lawrence A. Wind, Esq.
                                    MA BBO # 675704
                                    The Law Office of Lawrence A. Wind
                                    110 Lanark Road, Suite 9
                                    Brighton, MA 02135
                                    Tel: 617-206-1008
                                    Lawrence@LawWind.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and accurate copy of the **Plaintiff's Opposition to the Defendants' Motion to Dismiss** was filed with the ECF system. Notice will be sent to all parties of record by the Court's system, including Defendants' counsel:

Jennifer L. Markowski, Esq.
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02110

Date: August 30, 2012

/s/ Lawrence A. Wind