UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11281-GAO

JAVIER DIAZ,
Plaintiff,

v.

RESURGENT CAPITAL SERVICES LIMITED PARTNERSHIP, and
CREDIT CONTROL, LLC.,
Defendants.

OPINION AND ORDER
January 2, 2013

O'TOOLE, D.J.

This case, alleging claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) and the Massachusetts consumer protection statute, Mass. Gen. Laws ch. 93A, arises out of the defendants' attempt to collect a consumer debt from the plaintiff. Both defendants sent collection letters to the defendant in an attempt to collect the same debt. The defendants have moved to dismiss (dkt. no. 9) the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Complaint alleges that in 2006 a different debt collector, as assignee of Citibank, filed a complaint against the plaintiff in state court to collect on a debt with an account number ending in 5182. It was shown that the debt was the result of identity theft, the case was settled, and a dismissal with prejudice was entered. The plaintiff contends the debt was extinguished following the conclusion of the state court case.

In September 2011 defendant Resurgent sent a collection letter to the plaintiff referring to the same debt as the debt at issue in the 2006 case. In January 2011 defendant Credit Control

sent the plaintiff a collection letter again referencing the same debt. The plaintiff claims that these contacts violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e(2)(A) which prohibits a debt collector from falsely representing, "the character, amount, or legal status of any debt." The plaintiff also asserts claims under Massachusetts General Laws 93A § 9 against each defendant for violating a state regulation with identical language. 209 C.M.R. 18.16 § 2(a).

To survive a motion to dismiss a plaintiff must present facts that make his claim plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A viable complaint must be well-pled, and the facts must support logical conclusions. Specifically, the complaint must contain "[m]ore than labels and conclusions, and a formulaic recitation of the elements of the cause of action." Id. at 555. When evaluating a motion to dismiss, this Court must take "all the factual allegations in the complaint as true." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st. Cir 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In considering this motion the Court will consider the documents from the 2006 state court case that were attached to the parties' memoranda. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

The defendants argue that the Complaint should be dismissed because as a matter of law the 2006 state case did not extinguish the debt obligation. In support of this proposition the defendants point to Dawe v. Capital One Bank, 456 F. Supp. 2d 236 (D. Mass. 2006). In Dawe, the creditor attempted to collect a debt through a suit in state court. Dawe, 456 F. Supp. 2d at 238. The case was ultimately dismissed as a sanction for the plaintiff's failure to comply with discovery obligations. Id. Following the dismissal the creditor still attempted to collect the debt and reported the default to reporting agencies. Id. at 239. In response the debtor filed suit under the Fair Credit Reporting Act. Id. The court ruled in favor of the creditor, holding that the state

court dismissal had not extinguished the debt as a matter of law. Id. at 242. The court analogized to FDCPA cases brought against creditors who were attempting to collect time-barred debts. In these cases the courts held, that the elimination of a judicial remedy does not extinguish the underlying debt and therefore found no violation of the FDCPA. Id.

The holding and reasoning in Dawes do not extend to the present case. According to the entries on the docket submitted by both parties the 2006 state action was not dismissed on procedural grounds, as it was in Dawes and the cases it cites, rather it was dismissed because the case was settled. The plaintiff pleads the case was settled when it was discovered that the debt was the result of identity theft, a claim bolstered by the Affidavit of Fraud Application from the state court case attached to the plaintiff's opposition. Accordingly, the Complaint sufficiently pleads that the state court case was dismissed and the debt was extinguished through a settlement of the parties. Therefore, any representation by the defendants that a balance remained on the debt would be a false representation in violation of the FDCPA.

For the reasons stated herein, the defendants' Motion to Dismiss (dkt. no. 9) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge